IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STAHR D. ASHURST, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:12-cv-01244-BP |
| J.P. MORGAN RETIREMENT PLAN SERVICES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## **DEFENDANTS' MOTION TO CONSOLIDATE**

Defendants J.P. Morgan Retirement Plan Services, LLC, JP Morgan Chase & Co., J.P. Morgan Investment Management, Inc., J.P. Morgan Invest Holdings, LLC, David Embry, Jennifer Mendicki O'Neill, and James E. Staley ("Defendants"), respectfully move the Court, pursuant to Fed. R. Civ. P. 42(a)(2), to consolidate the nearly identical case captioned *Adams v. J.P. Morgan Retirement Plan Services, LLC, et al.*, Case No. 4:12-cv-01254, with this action for all purposes. In support of their motion, Defendants state as follows:

1. Federal Rule of Civil Procedure 42(a)(2) provides that where two or more actions before the Court involve a common question of law or fact, the Court may consolidate them. Here, *Adams* involves not only common questions of law and fact, it involves identical factual allegations, identical counts, the exact same Defendants, and the same counsel for the parties as the instant case. Thus, consolidation of the two cases would clearly promote the important interests of judicial economy and efficiency, as well as the interest of consistency in rulings and judgments. *See In re Bridge Info. Sys., Inc.*, 288 B.R. 548 (E.D. Mo. 2001). Moreover, consolidation will not cause any inconvenience or delay because both cases are newly

filed and no discovery has been performed or rulings entered in either case. Consequently, consolidation also will not cause Plaintiffs any unfair prejudice. *See Horizon Asset Mgmt. Inc. v. H&R Block, Inc.*, 580 F.3d 755 (8th Cir. 2009).

2. On September 12, 2012, Plaintiffs filed the instant action in the Circuit Court of Jackson County, Missouri. This matter was filed on behalf of 73 employees of Government Employees Health Association (GEHA), and consists of five counts, including claims (1) under Missouri's Merchandising Practices Act, (2) for Money Had and Received, (3) for Unjust Enrichment, (4) for Fraud, and (5) under Missouri's Securities Law. Defendants are four J.P. Morgan entities and three individual officers or employees of one or more of the corporate defendants. Plaintiffs generally allege that Defendants misrepresented and mismanaged a stable value fund that was offered to Plaintiffs through GEHA's defined contribution plan, which is governed by the Employee Retirement Income Security Act ("ERISA").

3. One week after filing the original Petition, Plaintiffs amended the Petition by dropping three plaintiffs and adding three new plaintiffs. Plaintiffs also rephrased some of the allegations. Approximately ten days later, Plaintiffs filed a Motion for Leave to File a Second Amended Petition with some additional changes in the allegations and a new claim for alleged violations of the Missouri Securities Act.

4. Defendants removed *Ashurst* on October 11, 2012 on the grounds that the claims are completely preempted by ERISA, and pursuant to the Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77p, 78bb. [Doc. 1].

5. Approximately two weeks after the *Ashurst* case was filed in Jackson County Circuit Court, and the same day Plaintiffs filed their Motion for Leave to File their

Second Amended Petition, the same Plaintiffs' counsel filed a virtually identical case, also in the Circuit Court of Jackson County, Missouri, captioned *Adams v. J.P. Morgan Retirement Plan Services, LLC, et al.*, Case No. 1216-CV25270.

6. *Adams* was filed on behalf of 25 employees of GEHA against the same seven defendants named in the instant action, and states the identical factual allegations and counts. (*Compare* Proposed Second Amended Petition in *Ashurst* with Petition in *Adams*, attached hereto as Exhs. 1 and 2, respectively).

7. Defendants removed *Adams* based on ERISA complete preemption on October 12, 2012. *Adams* has been assigned to Judge Brian C. Wimes, and is pending as Case No. 4:12-cv-01254.

8. The allegations and claims in *Ashurst* and *Adams* are identical in all respects, down to the exact same wording paragraph by paragraph, but for the fact that they are brought by two different groups of individual GEHA employees. The Federal Rules authorize the consolidation of such similar cases, and good cause exists to consolidate the cases.

WHEREFORE, for the foregoing reasons, Defendants respectfully move the Court for an order consolidating *Adams v. J.P. Morgan Retirement Plan Services, LLC, et al.*, Case No. 4:12-cv-01254, with the instant case, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 12, 2012        SHOOK, HARDY & BACON L.L.P.

By: /s/ Joe Rebein
　　Joe Rebein (Mo. Bar No. 35071)
　　Kay C. Whittaker (Mo. Bar No. 44328)
　　Jeanne M. Janchar (Mo. Bar No. 51813)

2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
jrebein@shb.com
cwhittaker@shb.com
jjanchar@shb.com


MORGAN, LEWIS & BOCKIUS LLP

Gregory C. Braden
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel. 202.739.5217
Fax 202.739.3001
gbraden@morganlewis.com

Azeez Hayne
1701 Market Street
Philadelphia, PA 19103
Tel. 215.963.5426
Fax 215.963.5001
ahayne@morganlewis.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2012, a copy of the foregoing **DEFENDANTS' MOTION TO CONSOLIDATE** was filed with the Clerk of the court using the CM/ECF system, which will automatically send email notification of such filing to all parties' attorneys of record.

__/s/ Joe Rebein_____
Attorney for Defendants